Bryan E. CARSON, Appellant–
Petitioner,

v.

Cynthia M. CARSON, Appellee–
Respondent.

No. 43A05–0704–CV–230.

Court of Appeals of Indiana.

Oct. 31, 2007.

Randy J. Spitaels, Kindig & Sloat, PC, Nappanee, IN, Attorney for Appellant.

Jay A. Rigdon, Rockhill Pinnick LLP, Warsaw, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-petitioner Bryan E. Carson appeals the trial court's order directing him to pay his daughter, Rachel's, educational expenses, which included room and board at Manchester College (Manchester). Specifically, Bryan argues that the order was clearly erroneous because the evidence established that Rachel was twenty-one years old, resided with her mother—appellee-respondent Cynthia Carson—and commuted to class. Concluding that the evidence did not support the trial court's decision ordering Bryan to pay a percentage of room and board expenses in accordance with Manchester's fee schedule because Rachel does not reside on campus, we remand this cause to

the trial court for a redetermination of those expenses.

## FACTS

On December 13, 2005, Bryan filed his verified petition for dissolution of marriage to Cynthia. Rachel turned twenty-one-years-old on September 18, 2006, and was a student at Manchester College. Rachel lived with Cynthia and commuted to Manchester. Following a contested final hearing on February 20, 2007, the trial court entered its decree of dissolution of marriage that provided in relevant part as follows:

15. Both Rachel and Lucas[1] are attending college. Rachel resides with the Respondent and Lucas resides with Petitioner. Rachel is over twenty-one (21) years of age and the parties' duty to support Rachel has terminated except for her educational needs. Under the heading "Extraordinary Educational Expenses" of Guideline 6 of Child Support Rules and Guidelines, it is stated "room and board will also be included when the student resides on campus or otherwise is not with the custodial parent." The purpose of such statement in the guidelines is so that the custodial parent does not receive child support while the parties are paying room and board for a child while on campus. Such guideline is not applicable to the situation where a child is twenty-one years of age, is not residing on campus, and is residing with a parent. If room and board would not be considered an extraordinary educational expense for a child residing with a parent it would place more of the burden on such parent than the other. Evidence was submitted that room and board at Manchester College is in the sum of $7700. Petitioner should pay to Respondent 62% of Rachel's room and board determined to be $7700.00 in weekly installments.

16. Respondent should pay to Petitioner $92.00 each week for room and board of Rachel. Petitioner's obligation to Respondent being credited against Respondent's obligation to Petitioner results in Respondent paying to the Clerk of this Court the sum of $20.00 each week.

Appellant's App. p. 9–10. The trial court then ordered that

The Respondent shall pay to the Clerk of this Court the sum of $20.00 per week, the first of which payment shall be made on or before February 23, 2007, and a like amount of $20.00 on or before each and every Friday thereafter until further order of this Court. The amount so ordered reflects the child support payable by Respondent to Petitioner, offset by the amount payable by Petitioner to Respondent for room and board for Rachel.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the room and board expense payment for Rachel shall terminate effective the first Friday of May, 2008, and that the child support obligation reflected in the child support obligation worksheet attached hereto and made a part hereof, payable by Respondent and to Petitioner, shall commence on that date, subject to further motion of the parties should circumstances change, and one or both of the children either conclude educational careers or are emancipated.

*Id.* at 11. Bryan now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

We initially observe that when reviewing a challenge to an order appor-

---

1. Lucas is the parties' son.

tioning college expenses, this court applies a "clearly erroneous standard." *Sebastian v. Sebastian,* 798 N.E.2d 224, 227 (Ind.Ct. App.2003). A decision is clearly erroneous if it is clearly against the logic and effect of the facts and circumstances that were before the trial court. *Warner v. Warner,* 725 N.E.2d 975, 978 (Ind.Ct.App.2000). A judgment is otherwise clearly erroneous when a review of the record leaves this court with a firm conviction that a mistake has been made. *Mounts v. Evansville Redevelopment Comm'n,* 831 N.E.2d 784, 789 (Ind.Ct.App.2005).

### II. Bryan's Claims

In addressing Bryan's contentions that the trial court's order regarding payment of Rachel's room and board expenses in accordance with Manchester's fee schedule was clearly erroneous, we note that educational support orders are governed by Indiana Code section 31–16–6–2, which provides that

(a) The child support order or an educational support order may also include, where appropriate:

(1) amounts for the child's education in elementary and secondary schools and at institutions of higher learning, taking into account:

(A) the child's aptitude and ability;

(B) the child's reasonable ability to contribute to educational expenses through:

(i) work;

(ii) obtaining loans; and

(iii) obtaining other sources of financial aid reasonably available to the child and each parent; and

(C) the ability of each parent to meet these expenses;

(2) special medical, hospital, or dental expenses necessary to serve the best interests of the child; and

(3) fees mandated under Title IV–D of the federal Social Security Act (42 U.S.C. 651 through 669).

(b) If the court orders support for a child's educational expenses at an institution of higher learning under subsection (a), the court shall reduce other child support for that child that:

(1) is duplicated by the educational support order; and

(2) would otherwise be paid to the custodial parent.

■ The purpose of educational support orders is to permit the trial court to address the educational needs of a child even after the child has turned twenty-one. *Brodt v. Lewis,* 824 N.E.2d 1288 (Ind.Ct. App.2005). We have determined that the statutory provisions regarding educational support orders are amplified by the Indiana Child Support Guidelines, which are to be utilized in the resolution of all petitions to determine or modify support. *Carter v. Dayhuff,* 829 N.E.2d 560, 565 (Ind.Ct.App.2005). In this regard, the Commentary to Child Support Guideline 6 provides that

A determination of what constitutes educational expenses will be necessary and will generally include tuition, books, lab fees, supplies, student activity fees and the like. Room and board will also be included when the student resides on campus or otherwise is not with the custodial parent.

■ Although Rachel resides with Cynthia while she attends Manchester, we reject Bryan's argument that Cynthia's housing of Rachel may not be considered an educational expense. Indeed, this court has determined that educational expenses may include rent and utilities. *Sebastian,* 798 N.E.2d at 230. And the guidelines do not specifically address the issue where the child is still in school, works toward an

undergraduate degree, depends upon her parents for support, and chooses to live at home.

Under these circumstances, we conclude that Bryan is obligated to pay a portion of Rachel's room and board as educational expenses while attending Manchester and residing with Cynthia. However, we further conclude that the trial court erred in imputing such expenses for Rachel as equivalent to the cost of that expense at Manchester, because the evidence presented at the final hearing did not support such an amount. Thus, we remand this cause to the trial court for a re-calculation of the amount that Bryan should pay toward Rachel's room and board expenses while attending Manchester.

Remanded for further proceedings consistent with this opinion.

BAILEY, J., and VAIDIK, J., concur.