956 N.E.2d 1135 (2011)
R.R.F., Appellant,
v.
L.L.F., Appellee.
No. 69A01-1102-DR-70.
Court of Appeals of Indiana.
October 28, 2011.
*1137 R. Patrick Magrath, Alcorn Goering & Sage, LLP, Madison, IN, Attorney for Appellant.
Gregory F. Zoeller, Attorney General of Indiana, Francis Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
MATHIAS, Judge.
R.R.F. ("Father") appeals from the dissolution court's order on remand apportioning post-secondary educational expenses for the parties' son, E.F., between Father and L.L.F. ("Mother"). On appeal, Father argues that the dissolution court's order was clearly erroneous in light of certain tax credits available to Mother as a result of E.F.'s enrollment in college. The State, which became a party to this action through the intervention of the Title IV-D Prosecutor, cross-appeals and asserts that the order on remand is not an appealable final judgment, and that we must therefore dismiss this appeal for lack of subject matter jurisdiction.[1] Concluding that this court has subject matter jurisdiction because the order on remand is an appealable final judgment and that the dissolution court's allocation of the benefits of the tax credits was not clearly erroneous, we affirm.

Facts and Procedural History
Father and Mother were married and have two children, A.F. and E.F. The parties' marriage was dissolved by decree in 2001. The parties' settlement agreement provided that Mother would have primary *1138 physical custody of the children and Father would have visitation and pay child support.
On September 9, 2009, after then-eighteen-year-old E.F. decided to attend Indiana State University, Mother filed a petition to modify child support. In the petition, Mother alleged a substantial change in circumstances in that "[t]he parties' oldest son, [A.F.], is over the age of 21 and is emancipated by operation of law. The parties' remaining son, [E.F.], has enrolled full-time in college. Support should be modified to reflect the emancipation of [A.F.], post-secondary educational expenses adjudicated for [E.F.], and child support modified accordingly." Amended Appellant's App. p. 26.
The dissolution court held a hearing on November 18, 2009, at which Father asked the court to grant him an offset against his share of E.F.'s post-secondary educational expenses based on the tax credits available to Mother as a result of E.F.'s enrollment in college. On December 14, 2009, the dissolution court entered an order granting Mother's petition and rejecting Father's request for setoff based on its conclusion that Father was not entitled to the tax credits at issue pursuant to the federal tax laws, and that the court was "without jurisdiction to usurp federal tax law which allows said credits." Id. at 37.
Father appealed and argued "that the dissolution court did not properly consider the significant tax credit Mother would receive for her contribution to E.F.'s college expenses before the court assigned each party's responsibility for those expenses." R.R.F. v. L.L.F., 935 N.E.2d 243, 249 (Ind.Ct.App.2010). This court agreed and remanded to the dissolution court with instructions "to first consider the reduction in the parents' obligation toward E.F.'s college expenses realized by Mother's tax credit and then apportion Father's and Mother's obligations accordingly." Id. at 251.
On February 3, 2011, the dissolution court entered its order on remand, which provided in relevant part:
As directed by the Court of Appeals, Mother may qualify for a federal tax credit as a result of college expenses paid on [E.F.'s] behalf which is considered a source of financial aid. The Court takes judicial notice and acknowledges that a tax credit is not the same as a tax refund and may change with the parties' circumstances.
As such, the Court hereby orders both parties to apply for all applicable college tax credits for which he or she may qualify and to prepare a return without the credits to determine the actual dollar benefit realized by each party in his or her tax obligation or refund as a result of the credit(s). This actual dollar benefit realized shall be used as the financial subsidy awarded to each party for post-secondary education expenses.
The Court finds that the Post-Secondary Education Worksheet has no line item in which to account for the parents' obligations or reduction in post-secondary education expenses due to the tax credit subsidy. The Court also acknowledges that any tax credit subsidy will be received only after tuition is paid. Therefore, so as not to be a hardship on any one party, the Court hereby orders Father to reimburse Mother 35.93% of any tax credit subsidy he receives and Mother to reimburse Father 64.07% of any tax credit subsidy she receives.
Amended Appellant's App. p. 63. This appeal ensued.

I. Cross-Appeal
On cross-appeal, the State argues that the dissolution court's order on remand is not an appealable final judgment *1139 and that, as a result, this court lacks subject matter jurisdiction to entertain this appeal. At the outset, we note that the State first raised this argument in its motion to dismiss filed with this court on May 24, 2011. After review, our motions panel denied the State's motion on June 24, 2011. Although our motions panel has already ruled on the issues raised in the State's cross-appeal, the State is not precluded from presenting these arguments. See Cincinnati Ins. Co. v. Young, 852 N.E.2d 8, 12 (Ind.Ct.App.2006), trans. denied. It is well established that we may reconsider a ruling of our motions panel, but "`we decline to do so in the absence of clear authority establishing that it erred as a matter of law.'" Id. (quoting Oxford Fin. Group, Ltd. v. Evans, 795 N.E.2d 1135, 1141 (Ind.Ct.App.2003)).
Turning now to the merits of the State's cross-appeal, we first note that this court has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A). A "final judgment" is one which "disposes of all claims as to all parties[.]" App. R. 2(H)(1). Whether an order is a final judgment governs this court's subject matter jurisdiction. Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind.2003). The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it sua sponte. Id.
The State argues that the dissolution court's order on remand is not an appealable final judgment because it "leaves for further determination the actual amounts resulting from the parties' calculation of their respective college expense obligations after taking into account Mother's tax credits, or any tax credits Father may receive." Appellee's Br. at 7. We disagree.
While it is true that the order on remand does not fix the specific dollar amount payable by either Father or Mother, the order requires both Mother and Father to calculate the actual dollar benefit received as a result of the available tax credits, and then to reimburse the other for a percentage of that benefit equivalent to the other's proportional share of E.F.'s college expenses. And the parties are ordered to undertake this course of action independently, without further intervention of the court. Thus, although the dissolution court's order left the precise dollar amounts payable by Mother and Father for future determination by the parties based on their future income tax returns and any available tax credits, "the [dissolution] court left nothing for future determination by the court." Reply Br. at 2. We therefore conclude that the dissolution court's order on remand is an appealable final judgment and, consequently, Father's appeal is properly before this court.

II. Tax Credits
Having concluded that this court possesses subject matter jurisdiction, we turn now to Father's argument concerning the dissolution court's allocation of E.F.'s college expenses. In reviewing a challenge to an order apportioning college expenses, we apply a clearly erroneous standard. Carson v. Carson, 875 N.E.2d 484, 485-86 (Ind.Ct.App.2007). A decision is clearly erroneous if it is clearly against the logic and effect of the facts and circumstances before the dissolution court, or if a review of the record leaves this court with a firm conviction that a mistake has been made. Id. at 486. In making this determination, we will not weigh the evidence or make credibility determinations, and we will only consider the evidence favorable to the judgment and reasonable inferences drawn therefrom. Warner v. Warner, 725 N.E.2d 975, 978 (Ind.Ct.App.2000).
Father argues that the dissolution court's allocation of E.F.'s college expenses between Mother and Father is *1140 clearly erroneous in light of certain tax credits available to Mother as a result of E.F.'s enrollment in college. Educational support orders must take into account the child's aptitude and ability, the child's ability to contribute to educational expenses through work, loans, and other sources of financial aid available to the child and each parent, and the ability of each parent to meet these expenses. R.R.F., 935 N.E.2d at 250 (citing Borum v. Owens, 852 N.E.2d 966, 969 (Ind.Ct.App.2006)).
Where a dissolution court determines that an order for college expenses is appropriate, the parents' contributions shall be roughly proportional to their respective incomes. Id. at 251. Thus, in Father's first appeal, this court reasoned as follows:
Here, the dissolution court determined, and the parties do not dispute, that their respective shares of E.F.'s college expenses, which correspond to their respective incomes, are as follows: Father shall pay 64%, and Mother shall pay 36%. The parties agree that their portion of E.F.'s college expenses totals $11,500, so Father is responsible for $7370 and Mother is responsible for $4133. Father presented evidence that Mother is entitled to a $4000 tax credit for her contributions toward E.F.'s college expenses. Because the dissolution court did not give Father a setoff commensurate with Mother's tax credit, Mother's effective contribution is approximately $140, or approximately 1% of the parties' portion of the expenses, while Father's contribution is $7370, or 64%.
The dissolution court cannot have intended this result. We believe the dissolution court misinterpreted the language in [Indiana Child Support] Guideline 8, which expressly states that the court "may consider who may be entitled to claim various education tax benefits ... and the total value of the tax subsidies prior to assigning the financial responsibility of post-secondary expenses to the parents and the child." (Emphases added). We read that guideline as authorizing the dissolution court to provide Father a setoff commensurate with Mother's tax credit. We agree with Father that the tax credit to Mother is akin to a source of financial aid, and Indiana Code Section 31-16-6-2(a)(1)(B) provides that an educational support order shall take into account "the ability of each parent to meet [the] expenses" and the ability to procure "sources of financial aid reasonably available to the child and each parent." Indeed, Guideline 8 expressly considers the tax credit a federal subsidy.
Mother does not dispute Father's valuation of her tax credit at $4000. We remand to the dissolution court and instruct the court to first consider the reduction in the parents' obligation toward E.F.'s college expenses realized by Mother's tax credit and then apportion Father's and Mother's obligations accordingly. Should the dissolution court want to maintain the 65-35 split and grant Father a setoff to produce that result, the court would be so authorized under Guideline 8.
Id.
On remand, the dissolution court did not alter the parents' respective shares of E.F.'s college expenses or grant Father a setoff against his proportional share of those expenses to equalize the parents' contributions in light of Mother's tax credit. Rather, the dissolution court ordered the parents to apply for the relevant tax credits, and to prepare tax returns with and without the tax credits to determine the actual dollar benefit, or "financial subsidy," realized by each party as a result of *1141 those credits. The court ordered each party to pay the other a percentage of this financial subsidy; specifically, Mother is to pay Father 64.07% of any tax credit subsidy she receives, while Father is to pay Mother 35.93% of any tax credit subsidy he receives. These percentages are equivalent to Mother's and Father's respective shares of E.F.'s college expenses.
On appeal from the dissolution court's order on remand, Father asserts that the dissolution court failed to comply with the directions set out by this court in R.R.F, 935 N.E.2d at 250-51. Specifically, Father argues that under our court's previous decision in R.R.F., the dissolution court was required to either "reduce the parents' portion of the post secondary obligation before apportioning the costs" of E.F.'s college expenses, or "grant Father a setoff to produce the same result." Appellant's Br. at 6. We disagree.
In R.R.F., this court instructed the dissolution court "to first consider the reduction in the parents' obligation toward E.F.'s college expenses realized by Mother's tax credit and then apportion Father's and Mother's obligations accordingly." R.R.F., 935 N.E.2d at 251. This instruction did not require the dissolution court to reduce the parents' share of E.F.'s college expenses by the amount of the tax credit.[2] It simply required the dissolution court to take the tax credit into consideration in apportioning E.F.'s college expenses between Mother and Father. On remand, the dissolution court decided to maintain its previous allocation of E.F.'s college expenses, and in order to reach that result, it ordered Mother to calculate the tax credit subsidy she receives as a result of E.F.'s enrollment in college and to reimburse Father for 64.07% of the subsidy, an amount equivalent to Father's proportional share of E.F.'s college expenses.[3] Thus, it is clear that the dissolution court considered the tax credit in apportioning E.F.'s college expenses between the parents.
Nor did the court in R.R.F. conclude, or even imply, that a setoff in Father's favor was the only acceptable method by which to distribute the benefit of the tax credits between the parents. Rather, the court merely noted that a setoff would be permissible. Here, as the dissolution court noted in its order on remand, "any tax credit subsidy will be received only after tuition is paid." Amended Appellant's App. p. 63. But granting Father an up-front setoff for his proportional share of the tax credits would increase the amount Mother is required to pay toward E.F.'s college expenses at the time they become due. Thus, an up-front setoff could result in a financial hardship to Mother, who has a considerably smaller income than Father. Requiring the parents to pay their proportional shares of E.F.'s college expenses when they become due and to later reimburse one another for a portion of any tax credit subsidy received seems to be a more equitable method of dealing with the credits because doing so will avoid such financial hardship.
Father also asserts that the dissolution court's order on remand amounts to an automatic, year-by-year modification of the parties' relative contributions to E.F.'s college expenses, and that such an automatic *1142 modification is improper. Again, we disagree. Although the actual dollar amount payable by Mother to Father (and vice versa) pursuant to the dissolution court's order on remand may vary from year to year based on, among other things, changes in the parties' income, E.F.'s college enrollment status, and amendments to the federal tax laws, the percentage of the tax credit owed will remain the same. That is, unless the order is amended, Mother will always be required to reimburse Father for 64.07% of any applicable tax credit subsidy she receives, and Father will always be required to reimburse Mother for 35.93% of any applicable tax credit subsidy he receives. Thus, there is no automatic modification of the parties' contributions to E.F.'s college expenses.
Moreover, because the tax credit subsidies available to the parents may vary on a yearly basis, we cannot conclude that the dissolution court's order requiring the parents to calculate and pay each other a percentage of those credits rather than requiring Mother to pay Father a flat dollar amount each year is clearly erroneous. Indeed, the Indiana Child Support Guidelines suggest a similar treatment of irregular forms of income, such as overtime, commissions, and bonuses, at least in the context of establishing a child support obligation. Specifically, the commentary to Child Support Guideline 3 provides that
When the court determines that it is appropriate to include irregular income [in the determination of a child support obligation], an equitable method of treating such income may be to require the obligor to pay a fixed percentage of overtime, bonuses, etc., in child support on a periodic but predetermined basis (weekly, bi-weekly, monthly, quarterly) rather than by the process of determining the average of the irregular income by past history and including it in the obligor's gross income calculation.
Child Supp. G. 3A, cmt. 2(b); see also Ratliff v. Ratliff, 804 N.E.2d 237, 246 (Ind. Ct.App.2004) (upholding trial court's order requiring father to pay a percentage of his irregular income on a periodic basis). In its order on remand, the dissolution court fashioned a similarly equitable solution to the problem of apportioning the benefits of the applicable tax credits between Mother and Father, and that order was not clearly erroneous.
In a related argument, Father contends that the dissolution court's order requiring a yearly redetermination of Mother's tax credit subsidy is clearly erroneous because he has already established the amount Mother will receive. Specifically, Father notes that he presented evidence at the November 18, 2009 hearing that Mother will receive $4000 in tax credits, and Mother did not dispute this amount before the dissolution court or in Father's first appeal.[4] Thus, according to Father, "[i]t is the law of the case that Mother was entitled to a tax credit valued at $4000." Appellant's Br. at 9.
Under the law of the case doctrine, an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. Dutchmen Mfg., Inc. v. Reynolds, 891 N.E.2d 1074, 1082 (Ind.Ct.App.2008), trans. denied.

*1143 The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. Accordingly, all issues decided directly or by implication in a prior decision are binding in all further portions of the same case. However, we also note that the law of the case doctrine "is a discretionary tool." To invoke this doctrine, the matters decided in the earlier appeal must clearly appear to be the only possible construction of an opinion. Thus, questions not conclusively decided in the earlier appeal do not become the law of the case. Moreover, statements that are not necessary in the determination of the issues presented are dicta, are not binding, and do not become the law of the case.
Id. at 1082-83 (citations omitted).
In the previous appellate opinion issued in this matter, this court noted that "Father presented evidence that Mother is entitled to a $4000 tax credit for her contributions toward E.F.'s college expenses." R.R.F., 935 N.E.2d at 251. Using that figure, the court concluded that if no portion of the tax credit subsidy were allocated to Father, Mother's effective contribution to E.F.'s college expenses would be approximately $140, or 1% of the parents' obligation. The court also noted that "Mother does not dispute Father's valuation of her tax credit at $4000."[5]Id.
These statements cannot be construed as a conclusive determination that Mother is entitled to a $4000 tax credit as a result of E.F.'s enrollment in college. Rather, the court relied on the $4000 figure merely to demonstrate that the dissolution court's refusal to consider tax credits that may be available to Mother would result in a departure from that court's allocation of the parental contribution toward E.F.'s college expenses. As such, the $4000 figure was not necessary to the resolution of the issue and did not become the law of the case. And, in any event, the law of the case doctrine is a discretionary tool which we decline to invoke here because the tax credit subsidy may vary on a yearly basis and, accordingly, reliance on the $4000 figure may result in an overpayment or underpayment to Father. We believe that this conclusion is particularly appropriate because the dissolution court made no findings regarding the credibility of Father's testimony or the reliability of his evidence concerning the tax credits.[6]
Finally, Father contends that the order on remand is "unduly vague and creates an undue burden on Father to monitor Mother's taxes and demand his *1144 reimbursement."[7] Appellant's Br. at 11. As an initial matter, we see nothing vague in the dissolution court's order; it sets out clear instructions regarding how the parents are to determine the tax credit subsidy they will receive as a result of E.F.'s enrollment in college, and orders them to reimburse one another for a specific percentage of that amount. And while there may be methods of determining and distributing the benefit of the tax credits that are more convenient for Father, those methods may be less equitable to Mother than the one devised by the dissolution court. In light of our standard of review and the high level of deference we owe to the trial court in family law matters, we cannot conclude that the dissolution court's order on remand was clearly erroneous.

Conclusion
This appeal is properly before this court as an appeal from a final judgment. The dissolution court's order on remand was not clearly erroneous.
Affirmed.
BAILEY, J., and CRONE, J., concur.
NOTES
[1] Mother has not filed a brief in this appeal.
[2] Indeed, because it is the parents who are eligible for the tax credits, such a reduction in the parents' obligation based on the credits would be puzzling, to say the least. If anything, it seems as though the subsidy provided by such tax credits would lead to an increase in the parents' obligations toward E.F.'s college expenses.
[3] The order also requires Father to apply for any available tax credits and to reimburse Mother for 35.93% of any tax credit subsidy he receives, but it is unclear whether Father is eligible for any such credits.
[4] It should be noted that the hearing was held on November 18, 2009, before Mother could have filed her tax return for the 2009 tax year. On appeal, the State argues that Mother did not actually receive a $4000 tax credit. However, the State's argument relies on evidence not made part of the record and, accordingly, we will not consider it. See Schaefer v. Kumar, 804 N.E.2d 184, 187 n. 3 (Ind.Ct.App. 2004) ("It is well settled that matters outside the record cannot be considered by this court on appeal."), trans. denied.
[5] Mother did not file a brief in Father's first appeal. Although neither Mother nor the State disputed the specific dollar amount Father alleged Mother would receive either at trial or in Father's initial appeal, they contested Father's entitlement to any consideration of the tax credits in the educational support order. See Tr. pp. 45, 53. The dissolution court agreed with Mother and the State, concluding that it was "without jurisdiction to usurp federal tax law" by allowing Father to receive reimbursement for tax credits to which he is not entitled. Amended Appellant's App. p. 37. The dissolution court did not make any findings regarding the dollar amount Mother would receive as a result of the applicable tax credits.
[6] Father's evidence concerning the tax credits available to Mother consisted of one exhibit, a printout from the IRS website providing information on the Hope and Lifetime Learning educational tax credits. But the printout provides that "[y]ou cannot claim an education credit if your modified AGI is $58,000 or more ($116,000 or more if you file a joint return)." Ex. Vol. p. 15, Petitioner's Ex. 9. Father presented no evidence concerning Mother's "modified AGI," but his Child Support Obligation Worksheet lists Mother's weekly gross income as $1359.33, which would result in an annual gross income in excess of $70,000. Id. at 13, Petitioner's Ex. 8. However, Mother has never disputed that she is entitled to some form of tax credit due to E.F.'s enrollment in college.
[7] Father also argues that the dissolution court erred in failing to grant him a reimbursement for the tax credits Mother received for the 2009-2010 academic year, which Mother has presumably already received. But the dissolution court's order on remand is an amendment to the December 14, 2009 order. Amended Appellant's App. p. 62. The order on remand therefore applies to the tax credits received for the 2009-2010 academic year.