Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**RYAN H. CASSMAN**
**CATHY M. BROWNSON**
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

**MICHAEL GHOSH**
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.C.-G., | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | )   No. 29A02-1110-DR-978 |
| | ) |
| M.G., | ) |
| | ) |
| Appellee-Petitioner. | ) |

APPEAL FROM THE HAMILTON COUNTY SUPERIOR COURT
The Honorable Daniel Pfleging, Judge
The Honorable Steven R. Nation, Judge
Cause No. 29D02-0908-DR-1040
Cause No. 29D01-0908-DR-2586

**December 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

On August 13, 2009, M.G. ("Husband") filed a Petition for Dissolution from M.C.-G. ("Wife") and sought sole custody of their child ("Child"). On September 3, 2010, the trial court granted sole legal and physical custody of Child to Husband. Wife appealed and this court held her appeal in abeyance until the trial court issued a final, appealable order. On January 4, 2011, the trial court resolved the property division issues. On February 16, 2011, Husband filed a Verified Expedited Motion to Limit Wife's Participation at Preschool. On March 8, 2011, the trial court entered its decree of dissolution.

On May 9, 2011, this court dismissed Wife's original appeal without prejudice. Among other, subsequent motions filed in the trial court, on June 17, 2011, Wife filed a Verified Petition for Modification of Decree to Change Custody, or in the alternative, Modification of Parenting Time. On October 5, 2011, the trial court entered its Order regarding these motions. Wife now seeks to appeal the September 3, 2010, January 4, 2011, and October 5, 2011 orders and argues that the trial court abused its discretion by granting Husband sole legal and physical custody of their child. Husband cross-appeals various issues, alleging lack of jurisdiction over Wife's appeal and, in the alternative, affirmatively challenging the trial court's valuation and division of certain marital property.

We dismiss in part, and deny in part.

## Facts and Procedural History

On August 13, 2009, Husband filed a Petition for Dissolution, Cause No. 29D02-0908-DR-1040 ("Trial Court DR #1"). An extremely contentious divorce and custody

2

dispute ensued.  The trial court bifurcated the case to separate child-related issues from property division issues and, after hearing, issued its Bifurcated Final Order Regarding Child-Related Matters ("Child Custody Order") on September 3, 2010. The Child Custody Order gave sole legal and physical custody of Child to Husband.  Wife filed a Notice of Appeal with this Court on September 16, 2010, Cause No. 29A05-1009-DR-628 ("2010 Appellate DR").

Since a record and transcript had not yet been filed, on October 31, 2010 our court issued a Rule to Show Cause ordering Wife to show cause why the 2010 Appellate DR should not be dismissed. Wife responded with her Motion to Show Cause and Request for Abeyance on December 13, 2010. On January 10, 2011, this court held the 2010 Appellate DR in abeyance until the trial court issued a final, appealable judgment regarding property division.  This court instructed Wife that "once the trial court issues a final, appealable judgment regarding property distribution . . . [,]" she was "ordered to file an Amended Notice of Appeal . . ." and specify that she was appealing the Child Custody Order along with any other relevant orders.

However, unknown to this court, on January 4, 2011 in Trial Court DR #1, the trial court had issued Findings of Fact & Conclusions Thereon & Final Orders ("Property Division Order") in which it addressed the property division issues.  Importantly, and for reasons not apparent in the record, the Property Division Order did not include a decree of dissolution of the parties' marriage.

Wife filed a Motion to Reconsider the Property Division Order on January 7, 2011, and this motion was denied on January 26, 2011.  On January 26, 2011, Husband

filed a Motion to Correct Error/Motion to Reconsider the Property Division Order, which was also denied, but not until March 16, 2011. In the interim, on February 16, 2011, Husband filed a Verified, Expedited Motion to Limit Wife's Participation at Preschool. On March 3, 2011, after withdrawal of prior counsel and appearance of new counsel, Wife filed a Motion for Change of Venue from the Judge and also responded to Husband's motion. On March 8, 2011, the trial court entered its Summary Decree of Dissolution ("Dissolution Decree").

On March 10, 2011, the trial court granted Wife's Motion for Change of Venue from the Judge and the case was transferred and became Cause No. 29D01-0908-DR-2586 ("Trial Court DR #2"). The battle was then rejoined, albeit before a different judge.

On May 9, 2011, our court noted once again that no amended notice of appeal had been filed in the 2010 Appellate DR and that the matter remained pending in the trial court. On the record before us, we dismissed 2010 Appellate DR without prejudice.

Among other, subsequent show cause and contempt motions filed by both parties in Trial Court DR #2, on June 17, 2011, Wife filed a Verified Petition for Modification of Decree to Change Custody, or in the alternative, Modification of Parenting Time. Both parties also requested attorneys' fees.

On October 5, 2011, the trial court issued an order regarding these motions. The trial court found Husband's Motion to Limit Wife's Participation at Preschool, while "necessary and reasonable" when filed, was moot, because Wife had been unable to attend the Child's preschool for other reasons. It also found Wife in contempt for "willful disregard" of the court's prior order. Finally, the trial court ordered Wife to pay

4

Husband's attorneys' fees in the amount of $13,000 and also denied Wife's Verified Petition for Modification of Decree to Change Custody, or in the alternative, Modification of Parenting Time.

On October 31, 2011, Wife, by now pro se, filed a notice of appeal and stated that she was appealing the Child Custody Order and the Property Division Order. This appeal was assigned a new, (the current) appellate case number. On November 21, 2011, Wife, pro se, filed an amended notice of appeal herein, indicating she would like to correct the Appeal Information from "None" to Yes" in regard to whether there was a pending appeal and alleging that her 2010 Appellate DR had been held in abeyance by this court's January 10, 2011 order therein.[1] On February 29, 2012, Husband, now representing himself, filed a Motion to Dismiss Appeal.

On March 1, 2012, Wife, pro se filed a second amended notice of appeal in which she indicated that, in addition to the Child Custody Order and the Property Division Order, she was also appealing the October 5, 2011 Modification Order. Out of an abundance of caution, and upon review of the fragmentary record and conflicting claims of the parties, our motions panel denied Husband's Motion to Dismiss Appeal on March 26, 2012.

It is on this record, Wife argues that the custody and property issues decided by Trial Court DR #1 and initially appealed in the 2010 Appellate DR remained pending

---

[1] In fact, as noted earlier, this court had dismissed the 2010 Appellate DR, without prejudice on May 9, 2011.

5

until the October 5, 2011 Modification Order was entered in Trial Court DR #2 and appealed in this appeal.

## I. Jurisdiction Over the Appeal

Husband argues we do not have subject matter jurisdiction in an appeal of the Child Custody Order and Property Division Order, and he filed a Motion to Dismiss, which our motions panel denied. Although our motions panel denied the Husband's motion, Husband raised this jurisdictional issue in his brief and is not precluded from raising this argument now. See R.R.F. v. L.L.F., 956 N.E.2d 1135, 1139 (Ind. Ct. App. 2011) (citing Cincinnati Ins. Co. v. Young, 852 N.E.2d 8, 12 (Ind. Ct. App. 2006), trans. denied.).[2] While we are reluctant to overrule decisions of our motions panel, we may reconsider a motions panel's ruling when we consider an appeal on its merits. Indeed "this court has inherent authority to reconsider any decision while an appeal remains *in fieri*." Miller v. Hague Ins. Agency, Inc., 871 N.E.2d 406, 407 (Ind. Ct. App. 2007) (citing Davis v. State, 771 N.E.2d 647, 649 n. 5 (Ind. 2002); State v. Moore, 796 N.E.2d 764, 766 (Ind. Ct. App. 2003), trans. denied).

Under Indiana Appellate Rule 5(A), we have jurisdiction in all appeals from final judgments. "Whether an order is a final judgment governs this court's subject matter jurisdiction." R.R.F., 956 N.E.2d at 1139 (citing Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003)). "A 'final judgment' is one which 'disposes of all claims as to all parties[.]'" Id. (quoting App. R. 2(H)(1)).

---

[2] Subject matter jurisdiction can also be raised *sua sponte* if one of the parties did not raise the issue. R.R.F., 956 N.E.2d at 1139. Here, however, Husband raised the issue on appeal.

For purposes of our discussion the following timeline is both instructive and dispositive:

8/13/2009     Husband's "Verified Petition for Dissolution of Marriage and for Provisional Orders"

9/3/2010     "Bifurcated Final Order Regarding Child-Related Matters"

9/16/2010     Wife's "Notice of Appeal from Trial Court"

10/29/2010     Court of Appeals' Order to Appellant to Show Cause

11/9/2010     Property Division Hearing

1/4/2011     "Findings of Fact & Conclusions Thereon & Final Orders"

1/10/2011     Court of Appeals enters "Order" holding 2010 Appellate DR in abeyance, pending amended notice of appeal after entry of a final, appealable judgment regarding property division

1/26/2011     Husband's "Motion to Correct Errors/Motion to Reconsider"

3/3/2011     Wife's "Motion for Change of Judge"

3/4/2011     Husband's "Motion to Dismiss Respondent's Motion to Change Venue & Alternate Motion to Hear Issue Pursuant to Trial Rule 79(O) and Order"

**3/8/2011**     **"Summary Decree of Dissolution of Marriage" Entered**

3/10/2011     Wife's "Motion for Change of Judge" Granted

3/16/2011     Husband's "Motion to Correct Error/Motion to Reconsider" Denied

3/24/2011     Judge Steven R. Nation qualifies and assumes jurisdiction; case transferred

5/9/2011     Court of Appeals dismisses 2010 Appellate DR without prejudice

10/31/2011     Wife's Second "Notice of Appeal from Trial Court" and new, current appellate case number assigned

In the 2010 Appellate DR, this court initially held Wife's appeal regarding the trial court's Child Custody Order in abeyance until the property division issues were resolved. The property division issues were resolved on January 4, 2011 in the Property Division Order.[3] While both parties filed motions to reconsider, these motions were denied. Thereafter, the trial court entered its Summary Decree of Dissolution of Marriage on March 8, 2011. "A dissolution decree is final when entered, subject to the right of appeal." Ind. Code Ann. § 31-15-2-16(b); see also Williamson v. Rutana, 736 N.E.2d 1247, 1249 (Ind. Ct. App. 2000) ("A dissolution decree becomes final and appealable when entered by the trial court."). Thus, all issues regarding child custody, property division, and the dissolution of the marriage were decided and final by March 8, 2011. Indiana Appellate Rule 9(A)(1) provides that a party must file a Notice of Appeal within thirty days of the entry of Final Judgment. Here, Wife did not appeal until October 31, 2011, which was over seven months after entry of the March 8, 2011 final judgment.

Wife asserts there were custody and property division issues that remained pending until the October 5, 2011 Modification Order. We agree that *litigation* was ongoing in the form of the parties' various requests *for modification or enforcement* of the Child Custody Order or the Property Division Order; however, these requests for modification do not change the fact that a final, appealable judgment was entered when the trial court's dissolution decree was entered on March 8, 2011. Wife has pointed to no custody or property issues that remained pending beyond March 8, 2011, other than those

---

[3] Wife argues in her reply brief that the trial court was divested of jurisdiction at this time; however, she continued to litigate the dissolution in the trial court and did not argue then that the trial court did not have jurisdiction on March 8, 2011 when the trial court entered the Dissolution Decree, which incorporated the earlier property disposition. Simply said, Wife can't have it both ways.

raised in the modification requests that both she and Husband filed subsequent to the March 8, 2011 dissolution decree.[4] For all of these reasons, we conclude that the March 8, 2011 dissolution decree was the final, appealable judgment in the 2010 Appellate DR. In retrospect, and upon a complete, rather than fragmentary, record, Wife's appeal in the 2010 Appellate DR could have been dismissed with prejudice, but subject to the parties' various motions then pending in the trial court.

Wife further argues that her appeal is timely because she filed her initial notice of appeal on September 16, 2010 in a timely manner, and her notice of appeal filed on October 31, 2011 is an amended notice of that appeal. This court dismissed her original appeal in the 2010 Appellate DR, on May 9, 2011 without prejudice. On the record ordered by Wife and forwarded to our court, our motions panel did not know and could not have known of the trial court's March 8, 2011 Dissolution Decree at the time of its decisions to hold the 2010 Appellate DR in abeyance or later, to dismiss that appeal without prejudice. By May 9, 2011, Wife had already failed to timely file the amended notice of appeal called for in our order dismissing Wife's appeal without prejudice. Under Appellate Rule 9(A), Wife's appeal was already untimely, denying this court any jurisdiction over any dissolution matters other than those modification requests properly the subject of this appeal. Therefore, Wife was incorrect when she asserted in her March 21, 2012 amended notice of appeal that an appeal was pending before this court. An

---

[4] In addition, for Wife to now argue that the trial court's order regarding property issues was not conclusively resolved is contrary to her earlier assertions. When Husband challenged the Property Division Order, Wife responded that Husband was trying to re-litigate "issues that have already been heard, sufficient evidence given, testimony presented, and a clear decision made by [the trial court]." Appellant's App. at 101. Once again, Wife cannot have it both ways.

9

appeal regarding the Child Custody Order and Property Division Order was not filed within thirty days of the March 8, 2011 Dissolution Decree, which was the final, appealable judgment regarding both custody and property issues. For these reasons, we do not have jurisdiction over the September 3, 2010 and January 4, 2011 orders in the 2010 Appellate DR, because Wife failed to file a timely notice of appeal within thirty days after final judgment.[5]

## II. Appeal of Modification Order

Wife also asserts in her amended notice of appeal that she is appealing the October 5, 2011 Modification Order. Her first notice of appeal was filed within thirty days of that final order; therefore, we do have jurisdiction over this appeal.

However, while Wife asserts that she is appealing the Modification Order in her amended notice of appeal, she does not make any arguments regarding the issues resolved in the Modification Order within her brief. "It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules." Thacker v. Wentzel, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (citing Pitman v. Pitman, 717 N.E.2d 627, 633 (Ind. Ct. App. 1999)).

Wife claims that the trial court abused its discretion in the initial child custody determination but does not argue that the trial court abused its discretion in denying her request for modification. She notes that in an initial custody determination both parents

---

[5] Husband alleges on cross-appeal that the trial court erred in its division of the marital estate in 2010 Appellate DR. For these same reasons, we also do not have jurisdiction over this issue.

10

should be presumed to be equally entitled to custody but fails to mention at all that in a request for modification she bore the burden of proving that "modification [was] in the best interests of the child and [that] there ha[d] been a substantial change in one or more of the factors identified in Indiana Code section 31-17-2-8 (2008)." In re Paternity of J.J., 911 N.E.2d 725, 728 (Ind. Ct. App. 2009). For these reasons, we will not consider Wife's appeal of the Modification Order on its merits. Furthermore, it appears Wife added the October 5, 2011 Order to attempt to make her appeal of the initial custody order timely.

### III. Husband's Request for Appellate Attorneys' Fees

Husband argues we should award him attorneys' fees under Indiana Appellate Rule 66(E), which provides that "[t]he Court may assess damages if an appeal . . . is frivolous or in bad faith." "To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility." Thacker, 797 N.E.2d at 346. We decline to award attorneys fees unless "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." Id. at 346–47 (citing Orr v. Turco Mfg. Co., Inc., 512 N.E.2d 151, 152 (Ind. 1987)). In light of the fact that "we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal[,]" we decline to issue attorney's fees because Wife's claims were not devoid of plausibility. Id. 346–47 (citing Tioga Pines Living Ctr., Inc. v. Indiana Family and Social Svcs. Admin., 760 N.E.2d 1080, 1087 (Ind. Ct. App. 2001), trans. denied).

We dismissed Wife's 2010 Appellate DR because she did not perfect her appeal.

11

While this appeal has been dismissed in large part, and we have refused to reach the merits of her arguments in this appeal, we also do not believe her arguments to be frivolous or in bad faith; rather they are the product of a pro se litigant in a highly contentious case involving complex and confusing areas of law and procedure. Therefore, we deny Husband's request for attorney fees.

## Conclusion

We dismiss Wife's appeal of the Child Custody and Property Division Orders for lack of subject matter jurisdiction. Concerning the Modification Order, Wife's appeal is timely but the issues raised are not supported by cogent argument. Finally, we deny Husband's request for appellate attorneys' fees.

Dismissed in part and denied in part.

VAIDIK, J., and BARNES, J., concur.