Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 17 2013, 11:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**D.J. DAVIS**
Smith Davis LLC.
Greenfield, Indiana

ATTORNEY FOR APPELLEE:

**NICOLE A. ZELIN**
Greenfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MARRIAGE OF:

| | | |
|---|---|---|
| DONALD L. DEPUTY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 30A04-1303-DR-108 |
| | ) | |
| CONNIE S. DEPUTY, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard D. Culver, Judge
Cause No. 30C01-0910-DR-1137

**December 17, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Donald L. Deputy ("Father") appeals the judgment of the Hancock Circuit Court in favor of his ex-wife Connie S. Deputy ("Mother"). Father presents ten issues on appeal, which we consolidate and restate as: (1) whether the trial court erred in ordering Father to pay room and board expenses for his son, and (2) whether the trial court erred in ordering Father to maintain his three children on his health insurance plan.

We affirm in part, reverse in part, and remand.

**Facts and Procedural History**

Mother and Father were married on May 21, 1998, and their marriage produced three children: Derek, born in July 1990; Daniel, born in December 1991; and David, born in July 1993. On August 4, 2010, the parties' marriage was dissolved. The trial court's dissolution order incorporated the parties' settlement agreement ("the Agreement"). Pursuant to the Agreement, Father paid $300 per week in child support for the two younger children and also agreed to pay for any and all college expenses not otherwise covered by scholarships, grants, or non-reimbursed financial aid. The Agreement defined "college expenses" as "tuition, room and board, reasonable transportation costs, books and fees." Appellant's App. pp. 11-12. The Agreement limited these college expenses to those of a State-funded school and were not to exceed eight semesters and two summer sessions.

By July 1, 2012, the parties' youngest son had attained the age of nineteen. Accordingly, Father ceased his child support payment pursuant to Indiana Code section 31-16-6-6, which was effective July 1, 2012 and provides that a parent's obligation to pay child support terminates when the child reaches the age of nineteen.

2

On July 20, 2012, Mother filed a verified motion for rule to show cause with regard to Father's obligation to pay for college expenses and maintain medical insurance coverage for the children. Father responded to this motion, and the trial court held a hearing on the matter on November 29, 2012, at which both parties appeared and presented evidence. The evidence revealed that only Daniel was enrolled in college full time; Derek was enrolled only part time, and David was not attending college at the time. Daniel was enrolled in on-line courses through Ivy Tech, with plans to transfer to IUPUI at some point and take on-line courses there. Daniel lived at home with Mother while taking these courses.

The trial court entered an order on January 15, 2013, concluding that Father must maintain coverage for the children on his medical insurance until they were no longer eligible for coverage under his plan and that Father should pay $250 per week in room and board expenses for Daniel. Father filed a motion to correct error on February 6, 2013, and Mother responded to this motion on February 19, 2013. The trial court denied Father's motion to correct error on February 20, 2013. Father now appeals.

**Standard of Review**

Upon review of an order apportioning college expenses, we apply a "clearly erroneous" standard of review. Carson v. Carson, 875 N.E.2d 484, 485-86 (Ind. Ct. App. 2007). A judgment is clearly erroneous when a review of the record leaves this court with a firm conviction that a mistake has been made. Id.

3

## I. College Room and Board Expenses

Father's main argument on appeal is that the trial court erred in its award of college expenses. Father does not deny that, pursuant to the Agreement, he agreed to pay for his sons' college expenses, including room and board. He argues, however, that the trial court erred in basing its award of college expenses on the room and board costs of a residential student at Indiana University in Bloomington, whereas his son Daniel is taking online courses through Ivy Tech and lives with Mother. We agree.

In Carson v. Carson, 875 N.E.2d 484 (Ind. Ct. App. 2007), the parties' daughter was attending Manchester College, but lived with her mother and commuted to school. The trial court ordered the father to pay for sixty-two percent of his daughter's college expenses. The trial court based its award of college expenses in part on the cost of room and board for a residential student at Manchester, even though the daughter lived with her mother. On appeal, the father claimed that the trial court erred in awarding college expenses that included the room and board expenses for a residential student. In addressing this argument, we noted that educational support orders are authorized by Indiana Code section 31-16-6-2. The purposes of such support orders is to permit the trial court to address the educational needs of a child even after the child has reached the age where child support payments have ceased, which at the time of the Carson decision was twenty-one. Id. We also noted that "[t]he statutory provisions regarding educational support orders are amplified by the Indiana Child Support Guidelines, which are to be utilized in the resolution of all petitions to determine or modify support. Id. Specifically, Child Support Guideline 8 provides:

> A determination of what constitutes educational expenses will be necessary and will generally include tuition, books, lab fees, supplies, student activity fees and the like. *Room and board will also be included when the student resides on campus or otherwise is not with the custodial parent.*

Ind. Child Supp. Guideline 8(b) (emphasis supplied); see also Carson, 875 N.E.2d at 486 (quoting similar language in what was then the commentary to Child Support Guideline 6).

In light of these authorities, the Carson court rejected the father's claim that the mother's housing of the daughter could not be considered an educational expense. Carson, 875 N.E.2d at 486. Although the guidelines do not specifically address the situation where a child resides with a parent while in college, the court noted that this court had previously concluded that educational expenses may include rent and utilities. Id. (citing Sebastian v. Sebastian, 798 N.E.2d 224, 227 (Ind. Ct. App. 2003)). We therefore concluded that "[father] is obligated to pay a portion of [daughter]'s room and board as educational expenses while attending Manchester and residing with [mother]." Id. at 487. We further concluded, however, that the trial court erred in imputing such expenses for daughter as equivalent to the costs of room and board as a residential student at Manchester College because there was no evidence that mother's expenses were equivalent to this amount. Id. We therefore remanded for a recalculation of the amount that father should have to pay, based on mother's actual expenses of housing the parties' daughter. Id.

The present case is practically indistinguishable from Carson. The trial court properly ordered Father to pay Mother for Daniel's room and board. The fact that Daniel is attending classes online is of no matter, as he is in effectively the same position as a

5

student who commutes to school while living with his or her parent. But, as in Carson, there was no evidence to support an award of room and board expenses equivalent to those of a residential student at Indiana University in Bloomington.[1] This is not to say that Mother has not incurred any additional expenses by housing Daniel, but there was no evidence that Mother's expenses were even roughly equivalent to those awarded by the trial court. As in Carson, we remand for a recalculation of the amount that Father should have to pay based on Mother's actual expenses of housing Daniel.

Father also claims that the trial court's order improperly awarded college expenses included housing for months that Daniel was not living with Mother. Specifically, there was evidence that Daniel spent several weeks away from Mother's house while touring with his musical group. Again, we are constrained to agree. In Hinesley-Petry v. Petry, 894 N.E.2d 277 (Ind. Ct. App. 2008), the mother claimed that the trial court erred by failing to order the father to pay for the daughter's college expenses for the periods during which the daughter was on college break. On appeal, we looked to Carson, supra, and noted that the daughter would be ineligible for child support. We also concluded that a parent's educational support obligations do not extend to cover a student's off-campus activities while on break from college. Id. at 284. Thus, to the extent that the trial court's award of college expenses for Daniel includes those periods while Daniel is on college break, the trial court erred. To hold otherwise would effectively award child support, not

---

[1] We recognize that the parties' Agreement specifically referred to the costs of education at a state-funded school, which would included Indiana University. However, this reference acts as a limit on college expenses, not a shortcut for determining such expenses without reference to actual cost.

educational expenses, for Daniel even though he is ineligible to receive child support as an emancipated adult. See id.

Father next argues that the trial court erred by failing to give him "credit" for the extra money Mother received from scholarship and financial aid. Mother testified that Daniel received a federal Pell grant and an Indiana O'Bannon grant for Daniel for the fall semester in the amount of $4,045. Daniel's tuition for that semester was $1,786.47, leaving a difference of $2,258.53. Father claims that he should be given a "credit" toward his payment of college expenses for this amount. Father fails to support his position with any citation to authority or any cogent argument, and we therefore consider this claim to be waived for purposes of appeal. See Jeffrey v. Methodist Hospitals, 956 N.E.2d 151, 159 (Ind. Ct. App. 2011) (citing Appellate Rule 46(A)(8)(a)).

Waiver notwithstanding, Mother testified that the financial aid money that did not go toward tuition was used to assist Daniel with his other educational expenses, including books, transportation, and some living expenses. Although this might lessen the total cost of Daniel's education, we cannot say that the trial court clearly erred by failing to give Father a dollar-for-dollar "credit" for any financial aid Daniel received. Cf. Schacht v. Schacht, 892 N.E.2d 1271, 1279 (Ind. Ct. App. 2008) (concluding that trial court properly credited scholarship funds to daughter for her portion of educational expenses instead of against the total cost of educational expenses).

We also reject Father's rather incredible claim that financial aid received by his other sons in prior years should somehow be credited to him with regard to payment of Daniel's educational expenses. Again, this argument is unsupported by any citation to

7

authority or cogent argument. See Jeffrey, 956 N.E.2d at 159 (citing Appellate Rule 46(A)(8)(a)). Moreover, we fail to see how the money received by the other sons has any bearing on Daniel's current educational expenses. In addition, there was evidence presented that, because of the financial aid the sons had received, Father had yet been required to pay anything for his sons' educational expenses.

For the same reasons, we reject Father's claim that the trial court erred by failing to give him credit for SSI income received by the parties' son Derek. Yet again, Father's claim is wholly unsupported by citation to authority. More importantly, it fails on its merits. The court did not order Father to pay an *en gross* child support order for which money received by one child might effect the money required to support the other children. Father was ordered to pay *educational expenses*, and any amount received by Derek from SSI is irrelevant to Daniel's educational expenses. The trial court properly ignored Derek's SSI income in determining Father's obligation to pay for Daniel's educational expenses.[2]

Father also claims that the trial court erred by failing to require Mother to provide "proof" that she applied for "any and all" known financial aid for Daniel. Pursuant to the Agreement, Mother was to apply for any and all known financial aid and scholarships. Father claims that Mother failed to do so. Mother testified at the hearing that she completed the Free Application for Federal Student Aid ("FAFSA"). Father claims that this was insufficient, but fails to explain why. Moreover, Mother testified that she searched for other scholarships and financial aid for her children, but was unable to find

---

[2] The same is true for Father's brief, unsupported claim that the trial court should have somehow given him credit toward Daniel's educational expenses for the earned income tax credit Mother received.

any for which they qualified.  She even explained that David applied for one scholarship but did not receive any aid therefrom.  We agree with Mother that Father has failed to show how Mother's attempts to apply for and receive any additional aid was unreasonable or contrary to the terms of the Agreement.

## II.  Health Insurance

Father next claims that the trial court erred in requiring him to maintain all three of his children on his health insurance plan until such time that they are ineligible for coverage under his plan.  Father claims that the trial court erred in requiring him to maintain health insurance on his sons past the date of their legal emancipation, i.e. nineteen years of age for purposes of child support.  However, our supreme court has held that "a post-secondary educational order may include medical, dental, and optical insurance costs, as well as other health care costs, where the court finds such costs appropriate."  Cubel v. Cubel, 876 N.E.2d 1117, 1120 (Ind. 2007).

Father is correct, however, that the trial court erred in ordering that he maintain health care coverage on his children without regard to their enrollment in a post-secondary educational institution.  Our supreme court in Cubel clearly held that "payment of insurance and health care costs must be contingent upon the child remaining enrolled in a post-secondary educational institution."  Id.  Here, the trial court's order did not make Father's duty to maintain health insurance conditional on his children's enrollment in college.  On remand, the trial court is instructed to amend its order to comply with our

9

supreme court's opinion in <u>Cubel</u> and condition his duty to maintain health care coverage for his children on their enrollment in a post-secondary educational institution.[3]

**Conclusion**

The trial court erred in basing Daniel's room-and-board expenses at home on the room-and-board expenses of a residential student at Indiana University in Bloomington, because Daniel does not live on campus and instead lives with Mother and takes classes online through Ivy Tech. The trial court also erred by not limiting Father's duty to pay for college expenses to those periods where Daniel is actually enrolled in classes and is not on college break. The trial court did not err in failing to credit Father for any financial aid his son received or in failing to consider his other son Derek's SSI income when it determined Daniel's room-and-board expenses. Lastly, although the trial court was within its discretion to order Father to maintain health insurance on his sons as a part of an educational expense order, the trial court erred by failing to make this duty contingent upon his sons maintaining enrollment at a post-secondary educational institution. We therefore reverse the order of the trial court and remand with instructions for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., concurs.

BROWN, J., concurs in part and dissents in part with separate opinion.

---

[3] To the extent that Father complains that the trial court erred in ordering him to maintain coverage on all three sons, as opposed to only Daniel, we would note that Father himself admitted that maintaining coverage for all three sons was no more expensive than maintaining coverage for only Daniel.

10

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MARRIAGE OF: )
)
DONALD L. DEPUTY, )
)
    Appellant-Petitioner, )
)
       vs. )    No. 30A04-1303-DR-108
)
CONNIE S. DEPUTY )
)
    Appellee-Respondent. )

**BROWN, Judge, concurring in part and dissenting in part**

I concur with the majority in all respects except as to the credit Father should receive for the $2,258.53 Daniel received from grants for the fall semester in excess of the cost of tuition. The majority refers to Mother's testimony that this sum was used to pay for books, transportation, and some living expenses for Daniel. As Daniel is taking online courses, it is unclear why he would have transportation expenses related to his schooling, and "living expenses" may be duplicative of the cost of room and board. On remand I would direct the trial court to credit Father for that portion of the financial aid Daniel received for transportation expenses unrelated to any schooling and for his living expenses included in the room and board calculation.