.Richard A. GARD, Appellant–Respondent,

v.

Henriann GARD, Appellee–Petitioner.

No. 34A02–0408–CV–663.

Court of Appeals of Indiana.

April 21, 2005.

---

908

Thomas J. Trauring, Kokomo, IN, Attorney for Appellant.

Richard L. Russell, Russell, McIntyre, Hilligoss & Welke Kokomo, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Richard A. Gard ("Husband") appeals the trial court's order on the motion to correct error filed by Henriann Gard ("Wife") with respect to a dissolution decree.[1] We reverse and remand.

---

1. On January 31, 2005, Husband filed a report with this Court indicating that Wife died on January 3, 2005. Indiana Appellate Rule 17(B) states in pertinent part, "The death or incompetence of any or all the parties on appeal shall not cause the appeal to abate. . . . Successor parties may be substituted for the deceased or incompetent parties." As of the date of this opinion, neither party has filed a motion for substitution of parties. In similar cases, we believe that the better practice would be for the deceased or incompetent

## Issue

We restate Husband's issue as whether the trial court abused its discretion in granting Wife's motion to correct error.

## Facts and Procedural History

Husband and Wife were married on September 21, 1985, and separated on April 29, 2002, when Wife petitioned to dissolve the marriage. One child was born to the marriage. On March 30, 2004, the trial court entered a dissolution decree that reads in relevant part as follows:

### I. FINDINGS OF FACT

. . . .

8. Wife introduced evidence of Husband's net worth at the date of marriage of -$135,013.14. The Court has already credited Husband with the sum of $31,400.00 in pre-marital funds used to establish an investment account, increasing Husband's net worth to -$103,613.14. Husband testified that an additional $8,000.00 of alimony to previous wife was not paid; the Court finds that Husband's net worth at the time of marriage was -$95,613.14.

. . . .

10. The Court finds that, due to the Wife's physical condition which effectively precludes her from maintaining employment, the disparity in earning ability of the Parties, and Wife's contribution to the stability of the home as primary care-giver to the minor child, that an equal division of the marital property is not just and reasonable in this case. The Court, therefore, finds that Wife shall be entitled to 65% and Husband 35% of the marital property.

Appellant's App. at 20–21. In paragraph 11 of its findings of fact, the trial court found that Husband had $590,683.53 in

assets and $241,680.96 in liabilities, for a net worth of $349,002.57, and that Wife had $39,380.50 in assets and $3,689.82 in liabilities, for a net worth of $35,690.68. Id. at 21–22. The trial court then subtracted the aforementioned $95,613.14 in premarital debt from Husband's net worth, resulting in a marital estate valued at $289,080.11. Id. at 22 ($349,002.57—$95,613.14 + $35,690.68 = $289,080.11). In accordance with its 65%–35% division of the marital estate, the trial court ordered Husband to pay Wife $147,211.39. Id. ($289,080.11 × .65 = $187,902.07—$35,690.68 = $152,211.39—$5,000.00 in partial distribution = $147,211.39).

Husband and Wife each filed a motion to correct error. On July 27, 2004, the trial court entered an order that reads in relevant part as follows:

1. [Husband's] Motion to Correct Errors ... asserts that the Court erred in valuing: (a) the [Husband's] medical practice; (b) the balances in two KeyBank bank accounts; and (c) the outstanding contingent liability of the Parties on a loan for [Wife's] brother. The Court agrees, GRANTS [Husband's] Motion, and adopts those values contained in amended Paragraph 11 of the Court's Finding of Facts, attached hereto and made a part hereof.

2. [Wife's] Motion to Correct Errors ... asserts that the Court erred in deducting from, rather than adding to, the total value of the marital estate, a pre-existing financial obligation of [Husband] which was satisfied during the marital relationship by marital assets. The Court agrees, GRANTS [Wife's] Motion, and adopts the values of the marital estate contained in amended

party's counsel to file a motion for substitution as promptly as possible to avoid any

complications that might arise.

Paragraph 11 of the Court's Findings of Facts, attached hereto and made a part hereof.

3. Based on the corrections in the Court's valuation of the marital estate as raised in the Parties' Motion[s] to Correct Errors, the Court finds that, had those valuation and computational errors not been made, the Court would not have ordered the 65%–35% distribution of the marital estate. The Court further finds and now ORDERS that [Wife] shall receive 60% and [Husband] 40% of the marital estate. Accordingly, the Court now ORDERS [Husband] to pay to [Wife] the sum of $227,372.99 as a final distribution of the division of the marital estate within 90 days of the date of this Order; after 90 days, the judgment shall accrue interest at the statutory rate of 8% per annum until paid in full.

4. In all other respects, the Court's Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage, [remain] in full force and effect.

*Id.* at 30–31. Husband now appeals.

## Discussion and Decision

 Husband contends that the trial court improperly granted Wife's motion to correct error. Specifically, Husband asserts that the trial court should have disregarded his premarital debts (and the marital assets used to satisfy those debts) in determining the marital estate.

We review the trial court's decision to grant or deny a motion to correct error for abuse of discretion. An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. An abuse of discretion also results from a trial court's decision that is without reason or is based upon impermissible reasons or considerations.

*Wright v. Wright,* 782 N.E.2d 363, 366 (Ind.Ct.App.2002) (citations omitted).

 Indiana Code Section 31–15–7–4 governs our analysis and reads in relevant part as follows:

(a) In an action for dissolution of marriage under IC 31–15–2–2, the court shall divide the property of the parties, whether:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right:

(A) after the marriage; and

(B) before final separation of the parties; or

(3) acquired by their joint efforts.

(b) The court shall divide the property in a just and reasonable manner by:

(1) division of the property in kind; [or]

(2) setting the property or parts of the property over to one (1) of the spouses and requiring either spouse to pay an amount, either in gross or in installments, that is just and proper[.]

"Marital property includes property owned by either spouse prior to the marriage. [Ind.Code § ] 31–15–7–4(a)(1). Marital property also includes both assets and liabilities." *Capehart v. Capehart,* 705 N.E.2d 533, 536 (Ind.Ct.App.1999), *trans. denied.* "[I]n a dissolution proceeding, the trial court is mandated, by statute and case law, to divide the assets and liabilities of the parties to the proceeding *in which they have a vested present interest. Of course, the trial court may not divide assets which do not exist just as it may not divide liabilities which do not exist.*" *In re Marriage of Lay,* 512 N.E.2d 1120, 1123–24 (Ind.Ct.App.1987) (emphasis added). "Money used to satisfy marital debts prior to dissolution is not marital property

subject to division." *Hitchcox v. Hitchcox,* 693 N.E.2d 629, 631 (Ind.Ct.App.1998).[2] Here, Husband's premarital debts became marital property upon his marriage to Wife, and those debts were satisfied prior to dissolution with marital assets. In other words, Husband's premarital liabilities and the marital assets used to satisfy those liabilities did not exist when Wife petitioned for dissolution.[3] As such, the trial court improperly included these liabilities and assets in the marital estate in its original dissolution decree and in its order on Wife's motion to correct error, respectively. We therefore conclude that the trial court abused its discretion in granting Wife's motion to correct error.

Accordingly, we reverse and remand with instructions to revise the dissolution decree consistent with this opinion and to determine a just and reasonable division of the marital estate in light of that revision. We note that

> [t]he division of marital property in Indiana is a two-step process. The trial court must first determine what property must be included in the marital estate.... After determining what constitutes marital property, the trial court must then divide the marital property under the presumption that an equal split is just and reasonable. Ind.Code § 31–15–7–5 (1998). If the trial court deviates from this presumption, it must state why it did so.

*Thompson v. Thompson,* 811 N.E.2d 888, 912–13 (Ind.Ct.App.2004) (some citations

omitted), *trans. denied* (2005). Husband states that he does not challenge the current 60%–40% division of the marital estate, but given that $95,613.14 must be subtracted from its value, the trial court may determine that a different distribution is more just and reasonable. In this second step of marital property division, the trial court is not prohibited from considering Husband's premarital debts and their satisfaction with marital assets as factors relating to an appropriate division of the marital assets existing at the time of final separation. *See* Ind.Code § 31–15–7–5 (providing nonexhaustive list of factors that court may consider in determining just and reasonable division of marital property).

Reversed and remanded.

RILEY and ROBB, JJ., concur.

---

**2.** Husband also cites *Quillen v. Quillen,* 659 N.E.2d 566 (Ind.Ct.App.1995) for the proposition that "[m]oney used to satisfy marital debts prior to dissolution, absent proof of asset dissipation, is not marital property subject to division." *Id.* at 574, *adopted in relevant part by* 671 N.E.2d 98, 100 (Ind.1996). Husband then states, "Without saying so, it is as though the trial court concluded [Husband's] pre-marriage debts had dissipated marital assets." Appellant's Br. at 30. Be-

cause there is no indication that the trial court made such an implicit conclusion, we do not address Husband's dissipation argument.

**3.** Accordingly, we are unpersuaded by Wife's reliance on *Capehart,* 705 N.E.2d 533, and *In re Marriage of Merrill,* 455 N.E.2d 1176 (Ind. Ct.App.1983). In those cases, the debts at issue existed at the time of dissolution.