Lisa A. LEEVER, Appellant–Petitioner,

v.

Doug R. LEEVER, Appellee–Respondent.

No. 48A02–0903–CV–282.

Court of Appeals of Indiana.

Dec. 29, 2009.

---

Katherine J. Noel, Noel Law, Kokomo, IN, Attorney for Appellant.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-petitioner Lisa A. Leever appeals the trial court's order dissolving her marriage to appellee-respondent Doug R. Leever. Lisa argues that the trial court erred by refusing to consider certain real estate as part of the marital estate, instead placing the real estate in an equitable constructive trust in favor of Doug's parents. Finding that the trial court properly placed the real estate in constructive trust but should have assigned the real estate a value and included it in the marital estate, we affirm in part, reverse in part, and remand with instructions to assign a value to the real estate, include it in the marital estate, and re-divide the marital estate

consistent with Indiana Code section 31–15–7–5.

### · FACTS

Lisa and Doug were married on September 16, 1977, and two children were born of the marriage.[1] On November 29, 1999, Doug's parents executed a quitclaim deed of their home in Elwood to Doug and Lisa. Doug's parents continued to pay the mortgage on the residence, paid the utilities, homeowner's insurance, real estate taxes, and made all maintenance decisions.

On September 10, 2007, Lisa filed a petition to dissolve the marriage, and the trial court eventually set the cause for a final hearing on October 6, 2008. That day, the trial court heard evidence from both parties. On January 12, 2009, the trial court requested counsel to submit "a small brief on the issue of whether to include the real estate at 211 N. 8th Street, Elwood, Indiana, in the marital property of the parties and further on the issue of whether, if the real estate is included, there is any special way of dividing such real estate or dividing the value of said real estate." Appellant's App. p. 10. On February 4, 2009, after submission of the requested information by both parties, the trial court entered its decree of dissolution, ordering, in pertinent part, as follows:

8. [Doug's] Father and Mother executed a Quit Claim deed to their home at 0211 North 8th Street, Elwood, IN to the parties on 11/29/99. That deed was recorded on 12/2/99. Father and Mother (Verna and Don Leever) have continued to live in the said home, paid off the mortgage, pay all the expenses at said home, pay the insurance, pay the real estate taxes, maintain the real estate and have continued to pay all bills in reference to real estate. Verna and Don Leever have lived in said home for 51 years.

9. [Doug's] parents put their real estate into parties names so [Doug's] parents could go into a nursing home at the cost of Medicaid if the need arose.

10. [Doug's] Mother considers the real estate hers and her husband's.

11. [Doug] considers the real estate as his parents' house. [Doug] has not lived in the home since high school.

12. At the hearing, [Lisa] considered the real estate as a gift.

13. [Lisa] never lived in the house in question, never paid insurance on [the] house, never paid on [the] mortgage, never paid the utilities and never made a decision on maintenance of [the] house.

14. The real estate at 211 N. 8th Street, Elwood, IN is subject to an equitable constructive trust in favor of [Doug's] parents and the parties only have title to it as trustees.

. . .

20. To allow [Lisa] or [Doug] to take a portion of this real estate now when they did nothing to take a portion prior to separation would be an injustice.

21. [Doug] is to take the real estate at 211 North 8th Street, Elwood, IN subject to a constructive trust in favor of his parents. This real estate is awarded to [Doug] subject to this constructive trust, but I have attached no value to it since all of the value in it has been achieved thru the payments and actions of [Doug's] parents.

22. The value of said real estate is $85,000.00 and there is no debt on said property.

---

1. At the time of the dissolution, both children were over twenty-one years of age.

. . .

*DECREE*

. . .

4. [Doug] is awarded the real estate at 211 North 8th Street, Elwood, IN, subject to a constructive trust in favor of his parents.

Appellant's App. pp. 14–16, 22. Lisa now appeals.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Lisa is appealing from a decision in which the trial court entered findings of fact and conclusions of law. Although Doug made an oral request for specific findings at the final hearing, no written request in accordance with Indiana Trial Rule 52 was filed by either party prior to the admission of evidence. Accordingly, we review the special findings and conclusions as if they were issued sua sponte by the trial court. *Carroll v. J.J.B. Hilliard, W.L. Lyons, Inc.*, 738 N.E.2d 1069, 1075 (Ind.Ct.App.2000).

∎ When a court has made special findings, we employ a two-step standard of review. We first determine whether the evidence supports the findings and then whether the findings support the judgment. *Humphries v. Ables*, 789 N.E.2d 1025, 1030 (Ind.Ct.App.2003). We consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Id.* We do not reweigh the evidence or assess the credibility of the witnesses. *Id.* When the trial court enters findings sua sponte, the specific findings control only as to the issues they cover. *Id.* A general judgment standard applies to any issue upon which the trial court has not made a finding and may be affirmed upon any legal theory supported by the evidence. *Id.*

### II. *The Real Estate*

Essentially, Lisa contests the trial court's placement of the real estate in a constructive trust, with Doug being awarded the real estate subject to the existence of the trust. She maintains that the trial court abused its discretion by refusing to include the real estate in the marital estate and divide it between the parties.

#### A. *Constructive Trust*

∎ A constructive trust is a creature of equity, devised to do justice by making equitable remedies available against one who through fraud or other wrongful means acquires property of another. *Kalwitz v. Estate of Kalwitz*, 822 N.E.2d 274, 280 (Ind.Ct.App.2005). A constructive trust is imposed where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Id.*

∎ While it is well established that fraud is a prerequisite to the imposition of a constructive trust, this prerequisite is not confined to fraud as one might define it for purposes of criminal law. *Zoeller v. E. Chicago Second Century, Inc.*, 904 N.E.2d 213, 221 (Ind.2009). Rather, the remedy is available where there is standard fraud or a breach of duty arising out of a confidential or fiduciary relationship. *Id.* The duty to convey the property may arise because the property was acquired through fraud, duress, undue influence or mistake, or through a breach of a fiduciary duty or the wrongful disposition of another's property. *Kalwitz*, 822 N.E.2d at 280. The basis of the constructive trust is the unjust enrichment that would result if the person having the property were permitted to retain it. *Id.* This type of trust is more in the nature of an equitable remedy than an independent cause of action. *Id.*

Here, Verna, Doug's mother, testified at the final hearing that she and Don, her husband and Doug's father, executed a quitclaim deed in 1999 conveying the residence to both Doug and Lisa. Verna explained that at that time, she and Don feared that they would have to go to a nursing home. By conveying their real estate, they would be able to get Medicaid while, at the same time, the property would remain in the family. They continued to pay all the real estate taxes on the house, all utilities, and perform all maintenance. Verna also stated that she still considers the residence to be her property and that they quitclaimed the house only so they "could get Medicaid."[2] Tr. p. 22.

During the same hearing, Lisa testified that it was her understanding Don and Verna had gifted their house to her and Doug and that it was a marital asset. She stated that "I just remember my husband telling me that him and I owned his parents' home now.... He just one day told me that the house belonged to us." *Id.* at 35. On the other hand, Doug testified that he considered the real estate to be his parents' residence and that it should not be taken away from them. He denied ever having told Lisa that the house belonged to them after his parents executed the quitclaim deed.

By imposing a constructive trust, the trial court implicitly found that a fiduciary or confidential relationship existed between Doug's parents and Doug and Lisa. A confidential or fiduciary relationship exists when confidence is reposed by one party in another with resulting superiority and influence exercised by the other.

*Kalwitz*, 822 N.E.2d at 281. In Indiana, certain legal and domestic relationships raise a presumption of trust and confidence as to the subordinate party on the one side and a corresponding influence as to the dominant party on the other side. *Meyer v. Wright*, 854 N.E.2d 57, 60 (Ind. Ct.App.2006). These relationships include that of attorney and client, guardian and ward, principal and agent, pastor and parishioner, husband and wife, and, as in this case, parent and child. *Id.* Here, the existence of a confidential relationship is self-evident because Verna and Don trusted Doug and Lisa with the ownership of their home while Verna and Don were still living in the residence.

By conveying the ownership of their residence to their son and daughter-in-law, the parents, in effect, crafted a life estate for themselves. Verna and Don continued to pay all taxes and expenses and remained in charge of the upkeep of the residence while relying on Lisa's and Doug's oral promise that they could live in the residence as long as needed.

During the dissolution proceeding, however, Lisa requested the trial court to include the home into the marital estate and divide it between her and Doug. With this request, she violated her oral promise to Verna and Don to keep the home safe as a place for them to live. *See Strong v. Jackson*, 777 N.E.2d 1141, 1149 (Ind.Ct.App. 2002) (holding that although breach of an oral promise generally will not support actual fraud actions, such promise may form the basis of a constructive fraud action if it induces one to place himself in a

---

2. We do not decide today whether Don and Verna's decision to quitclaim their residence to their son and daughter-in-law for the sole purpose of qualifying for Medicaid while preserving Doug's inheritance constitutes Medicaid fraud. Title 42 of the United States Code section 1396(a) expresses the legislative intent that the Medicaid program should not be used as an estate planning tool. *Forsyth v. Rowe*, 226 Conn. 818, 828, 629 A.2d 379 (1993). The Medicaid program would be at fiscal risk if individuals were permitted to preserve assets for their heirs while receiving Medicaid benefits from the state. *Id.*

worse position than he would have been in had no promise been made and if the party making the promise derives a benefit as a result of the promise). To allow Lisa and Doug to dispossess the parents of their home would be to permit them to be unjustly enriched by the sale price or rents and profits accruing during the remainder of the parents' life, to which they are not entitled. As such, the trial court properly created a constructive trust to safeguard Don and Verna's residence, with Doug and Lisa as the trustees.

### B. Marital Estate

Having established that the constructive trust was properly imposed, we next turn to the question of whether the residence should have been included in the marital estate. It is uncontested that the quitclaim deed was executed in favor of both parties, thereby instilling ownership in both parties. The trial court, however, awarded the real estate to Doug, subject to the lifetime of the constructive trust, and declined to attach any value to the residence for purposes of dividing marital assets.

■ The disposition of marital assets is within the sound discretion of the trial court. *Bizik v. Bizik,* 753 N.E.2d 762, 766 (Ind.Ct.App.2001). The division of marital property in Indiana is a two-step process. *Thompson v. Thompson,* 811 N.E.2d 888, 912 (Ind.Ct.App.2004). The trial court must first determine what property must be included in the marital estate. *Id.* Typically, all property acquired by the joint effort of the parties is included. *Id.* After determining what constitutes marital property, the trial court must then divide the marital property under the presumption that an equal split is just and reasonable. Ind.Code § 31–15–7–5.

■ The marital property to be divided includes both assets and liabilities. *Gard v. Gard,* 825 N.E.2d 907, 910 (Ind.Ct. App.2005). In a dissolution proceeding, the trial court is mandated, by statute and case law, to divide the assets and liabilities of the parties to the proceeding in which they have a vested present interest. *In re Marriage of Lay,* 512 N.E.2d 1120, 1123–24 (Ind.Ct.App.1987). The term "vest" generally means either vesting in possession or vesting in interest. *In re Marriage of Preston,* 704 N.E.2d 1093, 1097 (Ind.Ct.App.1997). Vesting in possession connotes an immediate existing right of present enjoyment, while vesting in interest implies a presently fixed right to future enjoyment. *Id.*

■ We have little trouble considering that the constructive trust's real estate in this case qualifies as a "presently fixed right to future enjoyment." *Id.* In other words, at the time of the dissolution, Lisa's interest in the residence was fully vested in that she retained an ownership right in the home subject to the existence of the constructive trust. At the moment the constructive trust no longer has any reason to exist—when Doug's parents no longer require the use of their residence—both Lisa and Doug would receive a right to enjoy the property as they see fit. Because the parties have a vested present interest in the house real estate, the property should have been included in the marital estate and assigned a value, with this value incorporated into the division of the marital estate.

The trial court, however, is vested with discretion to effect an unequal division of the real estate if it is warranted. *See* Ind.Code § 31–15–7–5(2)(B) (providing that a party may rebut the presumption of an equal division by establishing that the property was acquired through inheritance or gift). Here, although we suspect that

the trial court intended to deviate from an equal division of marital property with respect to the real estate, it made no specific findings to that effect. *See Helm v. Helm,* 873 N.E.2d 83, 90 (Ind.Ct.App.2007) (observing that the trial court must state its reasons for deviating from the presumption of an equal division of the marital estate). As such, we remand to the trial court with instructions to assign a value to the residence located at 211 North 8th Street, include it in the marital estate, and re-divide the marital estate consistent with Indiana Code section 31–15–7–5.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to assign a value to the residence located at 211 North 8th Street, include it in the marital estate, and re-divide the marital estate consistent with Indiana Code section 31–15–7–5.

FRIEDLANDER, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting with separate opinion.

I respectfully dissent from the majority's decision to remand this cause to the trial court with instruction to re-divide the marital real estate consistent with Indiana Code section 31–15–7–5. While I agree with the majority that this cause should be remanded to the trial court with instruction to assign a value to the residence located at 211 North 8th Street and include it in the marital estate, I would instruct the trial court to equally divide the marital estate between Doug and Lisa.

The trial court, in its Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage, concluded very clearly that "5. The [c]ourt shall presume that an equal division of the marital property between the parties is just and reasonable." (Appellant's App. p. 22). Furthermore, I do not agree with the majority's conclusion that the "trial court intended to deviate from an equal division of marital property[.]" Op. at 125. Not only did the trial court fail to state any reasons to deviate from the equal division of the marital estate, there is absolutely no evidence in the record that the trial court was considering or intending an unequal division of the marital estate in favor of Doug. Therefore, I would instruct the trial court to equally divide the marital estate.