## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 20 2015, 8:40 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Brent R. Dechert
Dechert Law Office
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Mark Leeman
Leeman Law Offices
Logansport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Raymond D. White, <br> *Appellant-Respondent,* <br><br> v. <br><br> Yvonne R. White, <br> *Appellee-Petitioner* | July 20, 2015 <br><br> Court of Appeals Case No. 25A05-1407-DR-344 <br><br> Appeal from the Fulton Circuit Court <br><br> The Honorable A. Christopher Lee, Judge <br><br> Case No. 25C01-1109-DR-609 |

**Crone, Judge.**

## Case Summary

[1] Raymond White ("Husband") appeals the trial court's decree dissolving his marriage to Yvonne White ("Wife"). Husband contends that the trial court abused its discretion in (1) excluding his son's student loans, on which he

cosigned during the marriage, from the marital estate; (2) dividing the marital estate; and (3) offsetting some of his expenses by denying Wife's request for attorney's fees. Wife asks us to remand for a determination of whether an award of appellate attorney's fees is appropriate. We conclude that the trial court abused its discretion only in excluding the student loans from the marital estate. Therefore, we affirm in part, reverse in part, and remand with instructions to (1) include the student loans in the marital estate and divide that liability accordingly, and (2) determine whether an award of appellate attorney's fees to Wife is appropriate.

## Facts and Procedural History

[2] Husband and Wife were married in 1978 and had two sons, Austin and Houston, who were adults at the time of the dissolution hearing. Wife petitioned to dissolve the marriage in September 2011. Later that month, the trial court entered a provisional order that, among other things, restrained Husband and Wife from having contact with each other and from "transferring, concealing, or otherwise disposing of any assets of the marriage" without prior consent or court order; awarded Wife "sole and exclusive use of the marital residence," with Husband to be responsible for the mortgage; awarded Wife "sole and exclusive use" of a Cadillac, with Wife to be responsible "for all obligations thereon"; and reserved the issue of attorney fees for the final hearing. Appellant's App. at 19, 20. The trial court held the final hearing on December 18, 2013, and continued it to March 19, 2014. In the interim, each party filed a contempt motion against the other. Wife alleged that Husband

had entered the marital residence in violation of a court order and also violated a no-contact order, and Husband alleged that Wife had removed property from the residence in violation of the provisional order.

[3] On June 26, 2014, the trial court entered a dissolution decree that reads in relevant part as follows:

> **(3) ASSETS & DEBTS**
> The parties largely agree on the division of assets and debts as well as the values to be assigned to the assets and the amounts owed on the debts. (see Petitioner's Exhibit 1 and Respondent's Exhibit C). The Court adopts and incorporates Attachment "A" into this decree. The Court awards the assets designated in "A" to the party reflected on the attachment. Likewise, the Court directs that each party shall be responsible for and hold the other harmless upon the debts assigned in "A".
>
> The Court finds that "[Husband's] profit sharing plan" … is not an asset of the marriage because it was earned by [Husband] after the separation.
>
> The Court removed any values assigned to household items for reasons set forth in paragraph 6 below.
>
> The Court rejects [Husband's] argument that Austin's student loans should be considered in the division of the marital estate. Austin is primarily responsible for these loans and is current in the loan obligations. Therefore, the loans have not been considered.
>
> The Court is directing that [Husband's] pension would be divided by way of Qualified Domestic Relations Order (QDRO) and therefore the value is not included in the equalization calculation.
>
> **(4) MARITAL RESIDENCE:**
> That [Husband] shall have sole and exclusive ownership of the marital residence … and shall be responsible for and shall hold [Wife] harmless for all obligations associated with the marital residence.

[Husband] shall be obligated to refinance the first mortgage to remove [Wife's] name from the debt obligation.… The Court anticipates that the refinancing will be needed for the equalization payment and the Court anticipates that will all be accomplished within sixty (60) days of today's date.

**(5) RETIREMENT/BENEFIT:**
That [Wife] shall be the sole and exclusive owner of [Wife's] 401(k) with the value of $10,902.27.

That [Husband] shall be the sole and exclusive owner of [Husband's] General Motor[s] Profit Sharing Plan with the value of $2,629.81.

**General Motor[s] Hourly Rate Employee's Pension Plan**

[Wife] shall be awarded 50% of [Husband's] vested General Motor[s] Hourly Rate Employee's Pension Plan ("the Plan") as of September 8th, 2011.

….

**(6) PERSONAL PROPERTY:**
The parties have largely divided their personal property so that each shall be the sole and exclusive owner of the items of personal property currently in their possession or under their control without claim of the other party except for the following contested items:

• Depression glass – [Wife] shall be the sole and exclusive owner of the depression glass with the exception that there are certain items of glass or flatware that came from [Husband's] family and those items should be given to [Husband].

• Corvette – [Wife] shall be the sole an[d] exclusive owner of [C]orvette at a value of $5,000.…

• [Husband's] rings – That [Wife] shall provide [Husband] with his wedding ring and class ring if the same are in her possession.…

[Husband] submitted a detailed property list. It is unclear what items he actually has or doesn't have and the values associated with these

items. There are a number of items that went missing as the adult sons became intermingled in this dissolution. The Court has not included values of various household items given that the evidence was so ambiguous.

**(7) OTHER DEBTS/ASSETS:**
Other than the assets and debts specifically mentioned herein each party shall be sole and exclusive owner of the assets currently in their possession without claim of the other party. Similarly, each party shall be responsible for any debts that they have incurred solely in their name or since the separation.…

**(8) EQUALIZATION:**
In order to equalize the distribution [Husband] shall pay [Wife] Seventy Nine Thousand Four Hundred Eighty Nine Dollars and Sixty Four Cents ($79,489.64), all to be paid within sixty (60) days after which the unpaid balance shall be reduced to a judgment to accrue interest at the legal rate. The Court has varied slightly from an equal division based on the disparity of income. As such, the Court awards [Wife] Fifty Five Percent (55%) of the marital estate and [Husband] Forty Five Percent (45%) of the marital estate. The percentage calculation does not include [Husband's] pension which has been divided equally by way of QDRO in paragraph 5.

**(9) ATTORNEY FEES:** Each party shall be responsible for their [sic] own attorney fees. The Court would normally award attorney fees in this circumstance to [Wife]. The Court finds that [Husband] contributed to a number of provisional expenses that were [Wife's] responsibility and should be given some credit for contribution to these expenses. Rather than subtract those out from the overall equalization and entering an award of attorney fees, the Court determines that the same, or approximately the same, result is accomplished by simply not awarding attorney fees.

**(10) CONTEMPT:** The Court denies any request for a finding of contempt.

*Id*. at 66-70.

[4] The decree includes a memorandum that states in pertinent part, "Both parties, by their actions, contributed to length, expense, and divisiveness of this dissolution of marriage. Neither party acted in good faith with each other and neither was particularly candid with this Court." *Id.* at 71. The aforementioned Attachment "A" lists certain assets and liabilities, such as the marital residence, vehicles, a personal injury settlement, bank accounts, home mortgage debt, Wife's student loan debt, and credit card debts, as well as their value. The value of "Household Furniture etc." is listed as "In Kind." *Id.* at 72. Husband's net worth is calculated at $179,519.17 and Wife's at $42,768.67, for a total net worth of $222,287.84. With the $79,489.64 equalization payment, Husband ended up with $100,029.53 and Wife with $122,258.31.

[5] Husband now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[6] Husband challenges several aspects of the dissolution decree. The trial court entered findings of fact and conclusions thereon sua sponte. "Sua sponte findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. We will affirm a general judgment entered with findings if it can be sustained on any legal theory supported by the evidence." *Hurt v. Hurt*, 920 N.E.2d 688, 691 (Ind. Ct. App. 2010) (citation omitted). We "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A).

> A decision is clearly erroneous if it is clearly against the logic and effect of the facts and circumstances before the dissolution court, or if a review of the record leaves this court with a firm conviction that a mistake has been made. In making this determination, we will not weigh the evidence or make credibility determinations, and we will only consider the evidence favorable to the judgment and reasonable inferences drawn therefrom.

*R.R.F. v. L.L.F.*, 956 N.E.2d 1135, 1139 (Ind. Ct. App. 2011) (citation omitted).

"Findings are clearly erroneous if there are no facts in the record to support them either directly or by inference, and a judgment is clearly erroneous if the wrong legal standard is applied to properly found facts." *Crider v. Crider*, 26 N.E.3d 1045, 1047 (Ind. Ct. App. 2015). "[W]e may look both to other findings and beyond the findings to the evidence of record to determine if the result is against the facts and circumstances before the court." *Stone v. Stone*, 991 N.E.2d 992, 998 (Ind. Ct. App. 2013), *aff'd on reh'g*, 4 N.E.3d 666.

## Section 1 – The trial court abused its discretion in excluding Austin's student loans from the marital estate.

We first address Husband's contention that the trial court erred in excluding Austin's student loans, on which he cosigned during the marriage, from the marital estate. "The disposition of marital assets is within the sound discretion of the trial court." *Leever v. Leever*, 919 N.E.2d 118, 124 (Ind. Ct. App. 2009). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. The court also abuses its discretion when it misinterprets or misapplies the law." *Bowles v. Bowles*, 721 N.E.2d 1247, 1249 (Ind. Ct. App. 1999) (citation omitted). "Although a different conclusion might be reached in light of the facts and

circumstances, we will not substitute our judgment for that of the trial court."
*Eye v. Eye*, 849 N.E.2d 698, 701 (Ind. Ct. App. 2006).

[8]     "The division of marital property in Indiana is a two-step process.  The trial court must first determine what property must be included in the marital estate."  *Leever*, 919 N.E.2d at 124 (citation omitted).  Indiana Code Section 31-15-7-4(a) provides that "the court shall divide the property of the parties, whether:  (1) owned by either spouse before the marriage; (2) acquired by either spouse in his or her own right: (A) after the marriage; and (B) before final separation of the parties; or (3) acquired by their joint efforts."  "After determining what constitutes marital property, the trial court must then divide the marital property under the presumption that an equal split is just and reasonable."  *Leever*, 919 N.E.2d at 124 (citing Ind. Code § 31-15-7-5).

> The marital property to be divided includes both assets and liabilities. In a dissolution proceeding, the trial court is mandated, by statute and case law, to divide the assets and liabilities of the parties to the proceeding in which they have a vested present interest.  The term "vest" generally means either vesting in possession or vesting in interest.  Vesting in possession connotes an immediate existing right of present enjoyment, while vesting in interest implies a presently fixed right to future enjoyment.

*Id*. (citations omitted).

[9]     Husband cites *Luttrell v. Luttrell*, 994 N.E.2d 298 (Ind. Ct. App. 2013), *trans. denied* (2014), in which the husband argued that the trial court erred in concluding that the children's student loans, on which he and/or his wife had

cosigned, "were not debts of the marriage subject to division." *Id*. at 303. The *Luttrell* court agreed:

> While the children have not defaulted on either loan and so neither [husband] nor [wife] has been called to pay on the loans, the question is only who will pay the loan, not whether [husband] and [wife] might be liable. In essence, we believe that the Luttrells' liability for the loans has "vested" for our purposes here, and thus the loans need to be considered by the trial court. While it is possible that neither [husband] nor [wife] will be called upon to make good on their promise to repay the loans, at the same time, their names cannot be removed from the loans. If one of the children defaults, the co-signers will be liable on the debt.

*Id*. at 303-04 (citation to *Leever*, 919 N.E.2d at 124, omitted).

[10] Likewise here, although Austin testified that he has not defaulted on the loans, and it is possible that Husband will not be called on to repay them, Husband has thus far been unable to remove his name from the loans and will be liable on the debt if Austin defaults.[1] Therefore, we conclude that the trial court abused its discretion in excluding the student loans from the marital estate. We reverse and remand with instructions for the trial court to include the loans in

---

[1] Wife contends that Husband "invited error on this issue by repeatedly denying the validity of his signature on his son's student loan debt. He cannot now fault the trial court from excluding the debt as a debt of the marriage." Appellee's Br. at 18-19. We disagree. Unless and until Husband's name is removed from the loans, he will be liable on the debt if Austin defaults.

the marital estate and to exercise its discretion in dividing the liability between the parties.[2]

## Section 2 – The trial court did not abuse its discretion in dividing the marital estate.

[11]    Husband also asserts that the trial court abused its discretion in dividing the marital estate. Indiana Code Section 31-15-7-4 states in pertinent part,

> (b) The court shall divide the property in a just and reasonable manner by:
>
>> (1) division of the property in kind;
>>
>> (2) setting the property or parts of the property over to one (1) of the spouses and requiring either spouse to pay an amount, either in gross or in installments, that is just and proper;
>>
>> (3) ordering the sale of the property under such conditions as the court prescribes and dividing the proceeds of the sale; or
>>
>> (4) ordering the distribution of benefits described in IC 31-9-2-98(b)(2) [pension or retirement benefits] or IC 31-9-2-98(b)(3) [disposable retired or retainer pay] that are payable after the dissolution of marriage, by setting aside to either of the parties a percentage of those payments either by assignment or in kind at the time of receipt.

And Indiana Code Section 31-15-7-5 provides,

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including

---

[2] The trial court may value marital property "as of 'any date between the date of filing the dissolution petition and the date of the hearing.'" *Birkhimer v. Birkhimer*, 981 N.E.2d 111, 119 (Ind. Ct. App. 2012) (quoting *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996)).

evidence concerning the following factors, that an equal division would not be just and reasonable:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>>
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
>> (A) a final division of property; and
>>
>> (B) a final determination of the property rights of the parties.

[12] "When a party challenges the trial court's division of marital property, he must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *In re Marriage of Bartley*, 712 N.E.2d 537, 542 (Ind. Ct. App. 1999). The trial court must consider all the factors listed in Indiana Code Section 31-15-7-5, but it need not "explicitly address" each of them in the decree. *Eye*, 849 N.E.2d at 701-02.

[13] Husband first contends that the trial court "failed to provide any justification or reasoning" for awarding Wife fifty-five percent of the marital estate and that

"the record is devoid of evidence which could lead one to infer the [trial court] considered present economic circumstances of either party, their contribution to the acquisition of marital property, the conduct of either party during the marriage, or their earnings ability." Appellant's Br. at 9. We disagree. The decree specifically states that the trial court "varied slightly from an equal division based on the disparity of income." Appellant's App. at 70. The record establishes that Husband had long been employed by General Motors and had earned approximately $30 an hour and $70,000 a year for the last few years, whereas Wife had been sporadically employed for much lower pay and estimated that she could earn only $18 to $20 an hour if she received a nursing degree as expected in mid-2014.[3] The decree also states that "[n]either party acted in good faith with each other" during the dissolution proceeding, which is amply supported by the record. Appellant's App. at 71.[4] We presume that the trial court considered the other factors listed in Indiana Code Section 31-15-7-5, and we find no abuse of discretion in its decision to deviate slightly from an equal division of the marital estate based on the sizable disparity of the parties' income.

---

[3] Husband emphasizes that he "introduced Wife's personal bank account which showed deposits exceeding $43,000.00 from September 11, 2011 through November 30, 2012. Of the $43,000.00, only $8,700.00 was from student loans provided to Wife." Appellant's Br. at 3-4 (footnote omitted). Even assuming that Wife earned the remainder through employment, her income for that period was less than half that of Husband's.

[4] For example, Wife did not make payments on the Cadillac and cashed out an insurance policy in violation of the provisional order, and Husband was criminally charged with invasion of privacy for allegedly violating a protective order that Wife obtained against him and with computer tampering for allegedly altering Wife's financial aid application.

Next, Husband contends that

> [t]he Trial Court erred by failing to determine the value of personal property in its[] division of assets. Although the parties provided the Trial Court with a personal property appraisal and each used said appraisal to request individual items, the [trial court] merely awarded them the property each party currently had in [its] possession. The Trial Court made this award without knowledge as to what or how much property each possessed. Without a known value to the personal property each party was awarded, it is impossible to know if a just and reasonable division has occurred.

Appellant's Br. at 6.

It is well settled that "[t]he trial court's disposition is to be considered as a whole, not item by item. In crafting a just and reasonable property distribution, a trial court is required to balance a number of different considerations in arriving at an ultimate disposition." *Fobar v. Vonderahe*, 771 N.E.2d 57, 59-60 (Ind. 2002) (citation omitted). Here, Husband submitted a list of allegedly "missing" items but failed to specify, let alone establish, the value of those items.[5] Each party accused the other (or third parties) of dissipating or stealing certain assets, and the trial court specifically found that the parties were not "particularly candid." Appellant's App. at 71. Wife asserts that "[i]t was

---

[5] Husband notes that he requested $4070 in assets to "be set aside as not marital property." Appellant's Br. at 12 (citing Petitioner's Ex. 3 and Tr. at 14-16, 114-18). All those assets are marital property as defined by Indiana Code Section 31-15-7-4(a) and therefore could not have been "set aside." *See Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014) ("It is well settled that in a dissolution action, *all* marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts.") (emphasis added); *Campbell v. Campbell*, 993 N.E.2d 205, 213 (Ind. Ct. App. 2013) ("The trial court has no authority to exclude or set aside marital property but must divide *all* property.") (emphasis added), *trans. denied*.

impractical in light of the record before the Court to engage in an item by item resolution and distribution of the personal property" and that "[t]he trial court's decision to divide a few key items of personal property and to let the other items remain with the spouse in possession was a just and equitable (indeed laudable) decision in this case." Appellee's Br. at 21. Husband has failed to convince us otherwise, and therefore we find no abuse of discretion.[6]

## Section 3 – The trial court did not abuse its discretion in offsetting Husband's expenses by denying Wife's request for attorney's fees.

[16]  In the decree, the trial court stated that Husband "contributed to a number of provisional expenses that were [Wife's] responsibility and should be given credit for contribution to these expenses." Appellant's App. at 70. The court essentially offset Husband's expenses by denying Wife's request for attorney's fees pursuant to Indiana Code Section 31-15-10-1. *See id*. ("The court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees …, including amounts for legal services provided and costs incurred before the commencement of the proceedings or after entry of judgment."). On the first day of the final hearing, Wife's counsel proffered an affidavit, to which Husband did not object, stating that Wife had incurred

---

[6] Husband does not assert that the trial court abused its discretion in awarding Wife any specific assets, nor has he established that the difference in the purported value of the assets awarded to each party is anything but de minimis.

attorney's fees of $21,169.14. Petitioner's Ex. 12. Any fees related to the subsequent contempt motion against Husband and the second hearing date were not included in that figure. Husband proffered an exhibit indicating that he had expended $16,860 for monthly payments and insurance on Wife's Cadillac, which was Wife's responsibility under the provisional order. Respondent's Ex. F. The exhibit also indicated that Husband had expended $14,688 for mortgage payments on the marital residence, which were his responsibility under the provisional order, as well as $3750 for property taxes and $436.31 for Wife's telephone and internet bills, which were not mentioned in the order. *Id.*

[17] Husband complains that "the Court did not indicate the amount of credit it was providing to [him] nor did it indicate the amount it awarded Wife in attorney fees." Appellant's Br. at 14. Given the considerable disparity in the parties' incomes, and given that Wife's attorney's fees as of the first hearing date exceeded Husband's expenditures for Wife's obligations under the provisional order by over $4300 (i.e., more than the property taxes and the telephone and internet bills combined), we find no abuse of discretion here.[7] *Cf. Webb v. Schleutker*, 891 N.E.2d 1144, 1156 (Ind. Ct. App. 2008) ("We review a trial court's award of attorney fees in connection with a dissolution decree for an

---

[7] Husband cites no authority for his suggestion that the trial court should have apportioned Wife's attorney's fees commensurate with its distribution of the marital estate. Nor does he cite any authority for the proposition that he should be compensated for the mortgage payments, which were his responsibility under the provisional order, simply because Wife stayed in the marital residence only sporadically after the spring of 2013.

abuse of discretion. We consider such factors as the parties' relative resources, ability to engage in gainful employment, and ability to earn an adequate income.") (citation omitted).

## Section 4 – We remand for the trial court to consider Wife's request for appellate attorney's fees.

[18]  "Indiana Code section 31-15-10-1(a) authorizes a trial court to award reasonable appellate attorney fees. Jurisdiction rests with the trial court to determine if an award of appellate attorney fees is appropriate." *Goodman v. Goodman*, 754 N.E.2d 595, 603 (Ind. Ct. App. 2001) (citation omitted). Wife requests that "this matter be remanded to the trial court to determine if an award of attorney fees is appropriate in light of the discrepancy in earnings between the parties and other factors, such as Wife's health, Husband's conduct post appeal, and Wife's financial circumstances." Appellee's Br. at 24. It is so ordered.

[19]  Affirmed in part, reversed in part, and remanded.


May, J., and Mathias, J., concur.